## OGLESBY GRANITE QUARRIES v SCHOTT MONUMENT CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided June 24, 1935

Benham & Benham, Cincinnati, for plaintiff in error.

Wesselmann & Eyrich, Cincinnati, and Fred Bader, Jr., Cincinnati, for defendant in error.

**OPINION**

By MATTHEWS, J.

The first ground urged for the reversal of the judgment is that as the amount of the cross-claim and prayer exceeded $1000.00, the Municipal Court had no jurisdiction. By §1558-6, GC, the jurisdiction of the Municipal Court of Cincinnati is limited to actions in which "the amount claimed by any party * * * does not exceed $1000.00;" and in such actions judgment may be rendered for that amount plus interest or damages or costs accrued after the commencement of the action.

By §1558-10, GC, it is enacted that:—

"When the amount due to either party exceeds the sum for which the Municipal Court is authorized to enter judgment, such party may remit the excess, and judgment be entered for the residue. A defendant need not remit such excess, and may withhold setting it out. A recovery for the amount set off and allowed, or any part of it, shall not be a bar to his subsequent action for the amount withheld."

When the plaintiff filed its bill of particulars praying for judgment for less than $1000.00, the Municipal Court acquired jurisdiction of the subject-matter and its jurisdiction was complete upon service of process upon the defendant. Thereupon the defendant had the right to file a statement of his defense including any counterclaim or set-off that it might have. In the event the amount of the counterclaim or set-off was in excess of the sum "for which the Municipal Court is authorized to enter judgment" the defendant is not required to remit the excess, and may withhold setting it out; and any recovery for the "amount set-off and allowed, or any part of it, cannot be pleaded as a bar in a subsequent action for the amount withheld."

The defendant had a right not to be subjected to more than one action on a single cause. The plaintiff had no right to split up one cause of action and subject the defendant to separate actions upon the fragments. Having picked a forum of limited jurisdiction, it was just, and the statute provided, that if it desired to proceed, it should reduce its claim to the jurisdictional amount by waving the excess.

No such considerations weighed in favor of the plaintiff against the defendant on its set-off. The defendant had no choice of the forum. It was brought in by compulsory process and forced to defend. If this cross-claim exceeded the jurisdiction

of the forum of the plaintiff's selection, the necessity of splitting it was caused by the plaintiff. It would have been unjust to require the defendant to waive all in excess of the jurisdictional amount as a condition to the right to assert it in that court. The legislature recognized the position in which the defendant had been placed by the plaintiff and made this provision in §1558-10 GC, that the defendant might not suffer thereby.

The defendant clearly indicated at the commencement of the trial that it did not ask relief beyond the jurisdiction of the court and the court did not grant relief beyond it. The statute does not impose any condition upon the right of the defendant to assert a counterclaim or set-off. The only limitation there is rests upon the court and that is as to the amount of the judgment, and that limitation is so imposed in order that the rights of the defendant to such complete relief in a court of ampler jurisdiction may not be foreclosed.

We have been cited to, and know of, no case directly in point. However, in **Braun v Pooley, 18 Oh Ap, 370**, the cross-petition was for $5390.00, and the implication certainly is that the Municipal Court had jurisdiction of the cross-demand to the jurisdictional amount. The court said that the cross-petition did not state a cause of action—not that the court had no jurisdiction of it. **Levinson v Sun Outfitting Co., 43 Oh Ap, 275**, was a case in which the Municipal Court assumed to render a judgment in excess of the jurisdictional amount. The court held that such action was erroneous.

We find that the court had jurisdiction of the set-off to the limit of its jurisdictional amount, and that, therefore, the judgment rendered in this case is in full force and effect until and unless reversed or modified.

The set-off is upon a claim for breach of warranty in a sale of stone. It is urged that the defendant's pleading is demurrable because it contains no allegation that the plaintiff was notified of the defects in the stone within a reasonable time after the defendant knew or ought to have known of the defects, as required by §8429, GC. It is sufficient answer to this contention to say that no demurrer was filed or objection to the sufficiency of the pleading made in any other way in the trial court. It is too late to raise it now. If the evidence is sufficient the pleading may be amended to conform at any time either before or after judgment. An examination of the record discloses that the defects claimed were not discoverable by inspection at the time of the receipt of the granite but developed later, and that an agent of the plaintiff was notified very shortly thereafter and on March 23, 1933, notice was given by letter and this was repeated in a letter of March 31, 1933.

Whether this notice was sufficient in time and substance was a question of fact and in the state of the evidence, we would not be justified in disturbing the finding of the trial court.

It is urged that the judgment is not sustained by sufficient evidence on the element of damage.

It appears that the court in estimating the amount of damages considered that to the extent that the defective granite had not been used by the defendant, it had the right to reject it and be released from the obligation to pay, and then proceed to award the defendant's damages to the extent of the expenses already incurred and to be incurred. These damages certainly must be considered to have been in the contemplation of the parties at the time of sale. Where the seller knows the buyer is a dealer, the expense incident to a resale is within the contemplation of the parties. In the annotation to the case of Czarnikow-Rionda Co. v Federal Sugar Refining Co., 88 A.L.R., 1426, at 1471, it is said:

"* * * it is held by the weight of authority that the seller's knowledge that the buyer is a dealer in the kind of goods purchased is sufficient to impute to the former notice of the fact that the goods are intended for resale, and to charge him, upon his breach of the sale contract, with special damages based on the buyer's resale of the goods in the ordinary course of business, although the seller had no knowledge of any actual resale or specific customer to whom the goods were intended to be resold, and there was none at the time of the original sale."

This rule is preserved in the general provisions of §8449, GC, for remedies and damages in cases of breach of warranty in the sale of goods.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.